UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN F. ROONEY, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>SIERRA PACIFIC WINDOWS, a division of SIERRA PACIFIC INDUSTRIES, a California corporation,<br><br>                Defendants. | Case No.: 10-CV-00905-LHK<br><br>ORDER DENYING MOTION FOR SANCTIONS; CONTINUING BRIEFING AND HEARING OF MOTION FOR CLASS CERTIFICATION |

Plaintiff Martin F. Rooney has moved for evidentiary sanctions against Defendant Sierra Pacific Windows based on Defendant's alleged failure to obey a discovery order. Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument and vacates the motion hearing scheduled for June 2, 2011. Having carefully considered the submissions of the parties and the relevant law, the Court denies Plaintiff's motion for sanctions. However, in order to minimize any prejudice to Plaintiff caused by Defendant's delay in document production, the Court will continue the hearing and briefing schedule for Plaintiff's motion for class certification, as set forth below.

**I. Background**

Plaintiff Martin F. Rooney filed a class action complaint on March 3, 2010. The Complaint alleged that Defendant Sierra Pacific Windows "unilaterally, retroactively and without notification

1

changed the duration of the warranty" on its windows "such that purchasers whose windows failed after ten years from the date of purchase" were required to pay additional amounts for window replacements or repairs. Compl. ¶ 1. Apparently based on Defendant's initial disclosures and responses to discovery, Plaintiff determined that Defendant had not actually changed its warranty, but rather the time-limited warranty had been in place at the time that Plaintiff purchased his windows. *See* Joint Case Management Statement ("JCMS") at 2-3, 5, Oct. 29, 2010, ECF No. 27. Thus, on December 2, 2010, Plaintiff filed a First Amended Complaint ("FAC"), which alleged that Defendant failed to adequately convey its written warranty to its customers prior to sale of its window products. FAC ¶ 2, ECF No. 31. The FAC added a new claim for violations of the Magnusson-Moss Act, 15 U.S.C. §§ 2301 *et seq.*, which requires full and conspicuous disclosure of the terms and conditions of a written warranty, *see* 15 U.S.C. § 2302(a).

Relevant to this motion, the Court held a Case Management Conference ("CMC") on March 16, 2011, at which the parties raised a number of discovery disputes. Prior to the CMC, Plaintiff's counsel filed a declaration in which he claimed that the delay in the case was due to Defendant's failure to timely respond to discovery propounded by Plaintiff. *See* Decl. of Andrew A. August in Supp. of JCMS ("August JCMS Decl."), ECF No. 38. With his declaration, Plaintiff's counsel submitted a timeline which indicated that Plaintiff had served a first set of requests for documents and a first set of special interrogatories on August 20, 2010. *Id.* Ex. A. Based on this submission, it appeared that Defendant had not timely responded to the August 20 discovery requests, and it was unclear whether Defendant had responded at all.[1] Accordingly, at the CMC the Court expressed disappointment at both Defendant's failure to respond to discovery requests and Plaintiff's failure to take appropriate action, such as filing a motion to compel, to ensure that discovery progressed in a timely fashion. The Court advised Plaintiff that if Defendant engaged in further delay or obfuscation, Plaintiff should file a motion for sanctions. The Court

---

[1] Based upon the materials submitted in connection with this motion, it appears that Defendant served objections and responses to Plaintiff's August 20, 2010 discovery requests on September 21, 2010. The parties then continued to meet and confer regarding Plaintiff's requests, and Defendant supplemented its responses on December 7, 2010. It appears that Defendant also provided responses to a second set of interrogatories on February 10, 2011. The Court was not aware of these facts at the March 16, 2011 CMC.

1   then discussed what discovery would be needed for the upcoming mediation, and the parties agreed

2   upon a timeline for producing this discovery.  Following the CMC, the Court issued an order that

3   required Defendants to produce discovery as follows:

> (1) By March 30, 2011, Defendant shall provide discovery regarding the consumers who paid for window repairs or replacement from 2006 forward and the amounts paid;
>
> (2) By April 20, 2011, Defendant shall provide discovery regarding the consumers who paid for window repairs or replacement from 2000-2006 and the amounts paid.

Minute Order and Case Management Order, Mar. 16, 2011, ECF No. 39.  The Court's understanding was that the parties needed the aggregate numbers for each of the above categories for mediation.

On March 30, 2011, Defendant served Plaintiff with interrogatory responses that provided the number of consumers who paid for window repairs or replacement, and the total amount paid, between March 3, 2006, and December 31, 2010.  Decl. of Meghan M. Baker in Supp. of Opp'n to Pl.'s Mot. for Sanctions ("Baker Decl.") at 4-5, Ex. Z, ECF No. 55.  On April 20, 2011, Defendant served Plaintiff with interrogatory responses providing the same information for the period between December 16, 2002, and March 2, 2006.  *Id.* Ex. AA at 4, 6.  Defendant claims that it does not have information in its Customer Service Database relating to warranty service provided prior to December 16, 2002.

It seems that Defendant believed that its interrogatory responses were sufficient to comply with the Court's discovery order, while Plaintiff believed that the Court's order required Defendant to produce all *documents* regarding consumer repairs or replacements and the amounts paid. During the months of March and April, the parties continued to meet and confer regarding this dispute, as well as the timing of other discovery requested by Plaintiff.  Eventually the parties filed a "Stipulation Regarding the Production of Documents and Information to Plaintiff," which the Court approved.  Pursuant to parties' stipulation, Defendant agreed to begin a rolling production of certain documents agreed upon by the parties on April 20, 2011, and to complete production, barring any unforeseen difficulties, by May 2, 2011.  *See* Stipulation Regarding the Production of

3

Documents and Information to Plaintiff at 3, ECF No. 42.  The parties dispute what was meant by "rolling production," and it appears that Defendant encountered some difficulty because the search terms it used generated a greater volume of documents than expected.  Ultimately, Defendant produced one 28-page product catalogue to Plaintiff on April 20, 2011, and then served nearly 75,000 pages of searchable PDF documents by overnight mail on May 2, 2011.  Plaintiff received these documents on May 3, 2011.

On May 13, 2011, Plaintiff filed a motion for evidentiary sanctions based on Defendant's alleged failure to obey the Court's Case Management Order or to comply with the stipulation approved by the Court.  Citing Federal Rule of Civil Procedure 37(b)(2), Plaintiff seeks sanctions precluding Defendant from introducing at trial, or in connection with any motion or opposition to any motion, any documents requested by Plaintiff's first request for production of documents that were not produced and received by Plaintiff prior to May 2, 2011.  Defendant opposes the motion.

**II. Discussion**

Pursuant to Federal Rule 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders."  Such orders may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).  Here, Plaintiff seeks an order prohibiting Defendant from introducing, at trial or in connection with any motion, any documents covered by Plaintiff's first request for production of documents that were not produced and received by Plaintiff prior to May 2, 2011.  Plaintiff argues that such sanctions are warranted based on Defendant's failure to produce documents by the dates set in the Court's March 16, 2011 Case Management Order.  Plaintiff also claims that sanctions are warranted because Defendant failed to comply with the spirit of the parties' stipulation, approved by Court order, by "dumping" 75,000 documents on Plaintiff on May 3, 2011, rather than providing the rolling production agreed upon by the parties.[2]

---

[2] Plaintiff also raises a number of other discovery disputes that do not appear to be connected to either the Court's Case Management Order or its order approving the parties' stipulation.  For instance, Plaintiff complains that Defendant has failed to produce customer lists or to send a *Pioneer* letter to all of its customers.  *See Pioneer Electronics (USA), Inc. v. Superior Court*, 40

4

Case No.: 10-CV-00905-LHK
ORDER DENYING MOTION FOR SANCTIONS; CONTINUING BRIEFING AND HEARING OF MOTION FOR CLASS CERTIFICATION

Evidentiary preclusion is a harsh sanction that generally is not imposed where the failure to provide discovery was either substantially justified or harmless. *See Lewis v. Ryan*, 261 F.R.D. 513, 522 (S.D. Cal. 2009) (noting that exclusion of evidence under Rule 37(b)(2) is not appropriate where the failure to produce documents was either "substantially justified or harmless"); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001) (noting that the "harshness" of Rule 37(c) sanctions excluding expert testimony is ameliorated by an exception permitting testimony if the parties' failure to disclose information is "substantially justified or harmless"). In this case, such a sanction would be particularly harsh, as it would preclude Defendant from introducing any of the 75,000 pages of documents served on May 2, 2011, and thus would likely prevent Defendant from effectively opposing class certification or defending on the merits. Having reviewed the evidence, the Court finds that such harsh sanctions are not warranted.

As an initial matter, it is not clear that Defendant actually failed to obey a Court order to provide discovery. When the Court ordered the production of discovery at the March 16, 2011 CMC, the Court was primarily concerned with ensuring that the parties had enough information to hold a productive mediation session by May 16, 2011. *See* Transcript of March 16, 2011 Proceedings, Decl. of Andrew A. August in Supp. of Mot. for Evidentiary Sanctions ("August Decl."), Ex. A at 13-15, 23-26 (discussing discovery needed for purposes of mediation). When asked what information would be necessary for the mediation, the parties focused on "numbers" – that is, the number of customers who had their windows replaced or repaired and the amount of money paid to Defendant for those repairs and replacements. *See id.* at 14-15, 23. Accordingly,

---

Cal. 4th 360, 374, 150 P.3d 198 (2007) (holding that a trial court may order a defendant to notify complaining customers of a pending class action lawsuit and disclose contact information for those customers who do not affirmatively object to the disclosure). Plaintiff also claims that Defendant has not facilitated physical inspection of its retail locations in advance of the class certification motion and has delayed the 30(b)(6) deposition requested by Plaintiff. These issues were not addressed in the Court's orders and therefore do not serve as grounds for evidentiary sanctions under Rule 37(b)(2). *See Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) ("Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse.").

5

Case No.: 10-CV-00905-LHK
ORDER DENYING MOTION FOR SANCTIONS; CONTINUING BRIEFING AND HEARING OF MOTION FOR CLASS CERTIFICATION

1   when the Court set dates for production of this information, the Court asked the Defendant to

2   provide a date by which it would "give them the numbers for four years back," *id.* at 17, and

3   another date by which it could "give more numbers further back than four years." *Id.* at 23.  After

4   Defendant provided acceptable dates, the Court stated "I just think it would be beneficial for you

5   all to have exchanged those numbers before mediation." *Id.* at 24.  The parties later confirmed that

6   the production would be two-fold, including both the consumers and the amount paid. *Id.* at 28.

7   At no point did the Court specify whether this information needed to be produced through answers

8   to interrogatories, document production, or both.  The Court was concerned with ensuring that the

9   parties had the numbers they needed to fully evaluate the case for purposes of mediation, which

10  was set to take place several months before the discovery cut-off.  Given the focus on numbers at

11  the CMC, and the lack of specificity in the Court's order, it was not unreasonable for Defendant to

12  believe that it could satisfy the Court's order by providing the required numbers in responses to

13  interrogatories.

14  As to Defendant's production of documents pursuant to the Court-approved stipulation, it

15  does appear that Defendant failed to provide a truly "rolling" production of documents by serving

16  the vast majority of documents on May 2, 2011, the day for completion of the rolling production.[3]

17  It is also true that many of the documents ultimately served on May 2, 2011 were requested many

18  months earlier, in August 2010.  However, Defendant had repeatedly objected to the breadth of

19  Plaintiff's August 2010 request for production, which demanded an extensive range of documents

20  dating back to 1996.  *See* Request for Production of Documents, Set One, Baker Decl. Ex. B.

21  Plaintiff had not moved to compel this production, and the parties had not resolved this dispute

22  prior to the March 16, 2011 CMC.  While it is quite unfortunate that Defendant did not produce the

23  documents earlier, its failure to provide a truly rolling production does not warrant the harsh

24  sanction Plaintiff seeks.  By May 3, 2011, Plaintiff had received nearly all of the documents it

---

[3] Pursuant to Federal Rule of Civil Procedure 5(b), service by mail or delivery is complete when the paper to be served is mailed or delivered to the agency designated to make delivery.  Thus, although Plaintiff did not receive the documents from Defendant until May 3, 2011, they were served pursuant to Rule 5(b) on May 2, 2011.

1  requested,[4] and any resulting prejudice to Plaintiff can be cured through less severe means.  *See*

2  *Mixt Greens v. Sprout Café*, No. C-08-5175 EMC, 2010 WL 2555753, at *1 (N.D. Cal. June 21,

3  2010) (finding that preclusion sanction would be "excessively severe" where defendants belatedly

4  produced nearly all discovery sought and plaintiff did not suffer irreparable prejudice).

5        For these reasons, the Court denies Plaintiff's motion for evidentiary sanctions.  However,

6  the Court is sensitive to the fact that Plaintiff may be prejudiced by Defendant's delay in producing

7  discovery if the schedule for Plaintiff's class certification motion remains as set.  Accordingly, the

8  Court will extend the schedule for briefing and hearing of Plaintiff's class certification motion as

9  follows:

10  (1) The deadline to file a motion for class certification, as well as any motion challenging

11      subject matter jurisdiction under CAFA, is extended to July 21, 2011.

12  (2) Opposition briefs are due August 4, 2011.

13  (3) Replies are due August 11, 2011.

14  (4) The Court will hold a hearing, if necessary, on September 1, 2011, at 1:30 p.m.

15  **III. Conclusion**

16        For the foregoing reasons, the Court DENIES Plaintiff's motion for evidentiary sanctions

17  and extends the schedule for hearing and briefing of Plaintiff's class certification motion.

18  **IT IS SO ORDERED.**

20  Dated: June 1, 2011

                                            LUCY H. KOH
                                            United States District Judge

---

[4] Plaintiff submitted a supplemental declaration claiming that Defendant failed to produce any documents from its Customer Service Database ("CSD").  Based on the limited information available to the Court, it does appear that some documents contained in the CSD may be responsive to Plaintiff's requests for production or fall within the scope of the parties' stipulation for production.  Accordingly, the Court encourages the parties to meet and confer to resolve any remaining disputes on this issue.

7
Case No.: 10-CV-00905-LHK
ORDER DENYING MOTION FOR SANCTIONS; CONTINUING BRIEFING AND HEARING OF MOTION FOR CLASS CERTIFICATION