**\*\* E-filed July 15, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN F. ROONEY, individuals and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SIERRA PACIFIC WINDOWS,<br><br>    Defendant.<br>_____/ | No. C10-00905 LHK (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT # 1**<br><br>**[Re: Docket No. 62]** |

    In his First Amended Complaint, plaintiff Martin Rooney ("Rooney") alleges that he bought windows from defendant Sierra Pacific Windows ("Sierra Pacific") in 1998. Docket No. 31 ("FAC") ¶ 15. He alleges that Sierra Pacific did not provide him with a copy of its written warranty either before or after the sale, as it is required by law to do. Id. ¶ 16. The written Sierra Pacific warranty Rooney claims he did not receive, which he calls the "SPW Warranty," provided twenty years of coverage, with Sierra Pacific paying the full cost of repair or replacement for certain failures during the first ten years and paying 40% during the second ten years. Id. ¶ 12.

    Rooney also alleges that, although he did not receive the SPW Warranty at the time of sale, he did receive an order form containing a section entitled "TERMS AND CONDITIONS OF SALE," which included the following language:

    7. LIMITED WARRANTY

    a. Any non-tested window or door has warranty on the insulated glass and wood parts integrity only. There is not warranty relating to the structural performance, air infiltration or water penetration of the window or door unit.[1]

See id. ¶ 9 & Ex. A. Rooney calls this provision the "Terms and Conditions Warranty," and he alleges that it created a full warranty for all time on the windows he purchased. Id. ¶ 10.

Rooney alleges that he noticed problems with some of his windows in 2007, that he contacted Sierra Pacific about the problems in 2009, and that Sierra Pacific refused to honor the so-called "Terms and Conditions Warranty" by replacing his windows free of charge. Id. ¶ 17. Instead, Sierra Pacific followed the terms of the SPW Warranty, and paid 40% of the cost of replacement windows. Id. ¶¶ 17, 19. Rooney paid the remaining 60%, or $312.24. Id.

Rooney filed his initial complaint in this Court on March 4, 2010, which he later amended. The gravamen of his complaint is that Sierra Pacific applied the terms of the SPW Warranty, which he allegedly never received, instead of applying the "Terms and Conditions Warranty," which he contends promised complete coverage with no time limitation. He alleges breach of express warranty, violation of the Magnuson Moss Act, violation of the California Unfair Competition Law ("UCL"), and violation of the California Consumer Legal Remedies Act ("CLRA"). He seeks to certify a class of Sierra Pacific customers who allegedly did not receive the SPW Warranty when they bought windows, for whom he seeks restitution and injunctive relief. Id. ¶¶ 22, 66.

Now, the parties have filed Discovery Dispute Joint Report # 1. Docket No. 62 ("Joint Report"). In his words, Rooney wants "a list of putative class members including contact information as well as [Sierra Pacific's] customer service database information concerning the class members and the purchase contracts (called 'Windbid') that [Sierra Pacific] relies upon in defense of this action." Id. at 1. Sierra Pacific objects to his request.

Upon consideration of the Joint Report, the Court DENIES Rooney's requested relief at this time. First, Rooney has indicated that he intends to file an amended complaint that amends the definition of the putative class. See Joint Report at 9. Assuming this is true, the Court will not

---

[1] Rooney did not include the second sentence of this paragraph in his First Amended Complaint.

2

require Sierra Pacific to provide Rooney with "a list of the putative class members" when the putative class is not certain.[2]

Second, the Court believes that Rooney's need for such a list is low at this point in the litigation. Per Judge Koh's instruction, Sierra Pacific has already provided Rooney with documents containing the names and contact information of its customers who made warranty-related complaints. While the number of such documents may be large, the fact is that Rooney already has much of what he is asking for.

Based on the foregoing, Rooney's requested relief is DENIED.

**IT IS SO ORDERED.**

Dated: July 14, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Nor is the viability of Rooney's claim certain. See Docket No. 64 (Sierra Pacific's motion for judgment on the pleadings under Rule 12(c)).

3

**C10-00905 LHK (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Andrew A. August | aaugust@pinnaclelawgroup.com, mterry@pinnaclelawgroup.com |
| David E. Martinek | dem@dunmartinek.com, raj@dunmartinek.com |
| John Laurence Fitzgerald | jfitzgerald@pinnaclelawgroup.com |
| Kevin Francis Rooney | krooney@pinnaclelawgroup.com |
| Meghan Marie Baker | mbaker@downeybrand.com, bwarne@downeybrand.com, courtfilings@downeybrand.com, mlane@downeybrand.com, tchacon@downeybrand.com, tgravel@downeybrand.com |
| Randall H. Davis | rhd@dunmartinek.com, raj@dunmartinek.com |
| William Ross Warne | bwarne@downeybrand.com, courtfilings@downeybrand.com, mlane@downeybrand.com, tchacon@downeybrand.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**