UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN F. ROONEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC WINDOWS, a division of SIERRA PACIFIC INDUSTRIES, a California corporation,<br><br>Defendant. | Case No.: 10-CV-00905-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

Now before the Court is Defendant Sierra Pacific Windows' ("SPW") motion for judgment on the pleadings ("MJOP"), ECF No. 64, pursuant to Federal Rule of Civil Procedure 12(c), and Plaintiff Martin F. Rooney's ("Plaintiff") motion for leave to file second amended complaint ("MLTA"), ECF No. 68, pursuant to Federal Rules of Civil Procedure 15 and 16.

On July 7, 2011, SPW filed its MJOP.  Rather than filing an opposition, as contemplated by the Civil Local Rules, Plaintiff filed its MLTA on July 21, 2011, assuming that doing so would moot SPW's MJOP.  *See* ECF No. 68.  Plaintiff's proposed second amended complaint ("SAC") substituted the proposed class representative with three new class representatives; revised subclass

1

definitions; and jettisoned two causes of actions asserted for the past year and half. *See id.* at 3. On July 28, 2011, SPW filed a reply in support of its MJOP, taking Plaintiff's MLTA as an opposition. *See* ECF No. 73 ("SPW's 1st Reply"). On August 4, 2011, SPW filed an opposition to Plaintiff's MLTA. ECF No. 74 ("SPW's Opp'n"). On August 8, 2011, this Court modified the scheduling order and set a hearing on both motions for September 1, 2011. ECF No. 79. On August 15, 2011, per this Court's Order, Plaintiff filed an opposition to SPW's MJOP. ECF No. 83 ("Pl.'s Opp'n"). SPW filed a second reply in support of its MJOP on August 22, 2011. ECF No. 86 ("SPW's 2d Reply"). Finally, with leave from the Court, *see* ECF No. 90, Plaintiff filed a surreply to SPW's reply in support of its MJOP on August 31, 2011. ECF No. 91 ("Pl.'s Surreply"). This surreply proposed yet a third amended complaint. *Id.* at 4.

On September 1, 2011, the Court held a hearing on the motions. After considering the parties' submissions and hearing oral argument, and for the reasons stated below, SPW's MJOP is GRANTED and Plaintiff's MLTA is DENIED.

## I. Defendant's Motion for Judgment on the Pleadings

### A. Background

This class action lawsuit arises out of the purchase and subsequent repair or replacement of windows covered by a written warranty. In January 1998, Plaintiff purchased windows from SPW. First Am. Compl. ("FAC") ¶ 15, ECF No. 31. According to the FAC, this window came with a Terms and Conditions Warranty which provided, in relevant part: "any non-tested window or door has warranty on the insulated glass and wood parts integrity only." *Id.* ¶ 9. Plaintiff allegedly received no other warranty. *Id.* ¶ 16. In July 2007, Plaintiff noticed moisture and fogging in his windows that "progressively became worse over time." *Id.* ¶ 17. When Plaintiff sought to have his windows replaced free of charge pursuant to the Terms and Conditions Warranty, SPW claimed that the window was covered by another warranty which only covered forty percent of replacement costs on damage occurring more than ten years, but less than twenty years, after purchase (the "SPW Warranty"). *Id.* ¶¶ 12, 17.

1  On March 3, 2010, Plaintiff filed the original complaint in this class action. ECF No. 1.
2  On December 2, 2010, Plaintiff filed the FAC, which is at issue in Defendant's MJOP. *See* MJOP
3  2. In the FAC, Plaintiff brought claims, on behalf of himself and similarly situated individuals,
4  under the Magnusson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.* (2006);
5  California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* (West
6  2011); California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770 (West 2011);
7  and for breach of express warranty. FAC 9-12. The FAC proposed a putative class defined as
8  follows:

> Sub-Class 1
>
> Plaintiff and all consumers in the United States who: (1) purchased Window Product(s) with the Terms and Conditions Warranty; (2) did not receive the SPW Warranty prior to purchase of the Window Product(s); (3) sustained a Product Failure; and (4) paid money to SPW to have the Window Product(s) repaired or replaced.
>
> Sub-Class 2
>
> Plaintiff and all consumers in the United States who: (1) purchased Window Product(s); (2) did not receive the SPW Warranty prior to purchase of the Window Product(s); (3) sustained a Product Failure; and (4) paid money to SPW to have the Window Product(s) repaired or replaced.

*Id.* ¶ 22. Plaintiff sought restitution of the repair or replacement costs he and the putative class members paid out of pocket under the SPW Warranty; injunctive relief; and attorney's fees and costs. *Id.* at 13.

### B. Legal Standard

This Court may grant judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which allows Defendant to challenge the sufficiency of Plaintiff's complaint. *Rubin v. Air China Ltd.*, Case No. 5:10–CV–05110–LHK, 2011 WL 2463271, at *1 (N.D. Cal 2011). A 12(c) motion "'is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss.'" *Id.* (quoting *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004)). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

3

1949 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### C. Analysis

Plaintiff does not oppose SPW's MJOP with regard to the CLRA and breach of express warranty claims, and seeks to withdraw them. Pl.'s Opp'n 2 & n.2. Accordingly, Defendant's MJOP is GRANTED with respect to these claims. However, Plaintiff opposes Defendant's MJOP on the MMWA and UCL claims. The Court analyzes these claims in turn.

#### 1. The Magnusson-Moss Warranty Act

The MMWA requires a warrantor of a consumer product to "fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty." 15 U.S.C. § 2302(a) (2006). Further, it mandated the Federal Trade Commission (the "FTC") to "prescribe rules requiring that the terms of any written warranty on a consumer product be made available to the consumer (or prospective consumer) prior to the sale of the product to him." *Id.* § 2302(b).

The resulting FTC regulation, known as the "Pre-Sale Rule," requires a seller to either:

(1) Display[] [the product's warranty] in close proximity to the warranted product, or
(2) Furnish[] it upon request prior to sale and placing signs reasonably calculated to elicit the prospective buyer's attention in prominent locations in the store or department advising such prospective buyers of the availability of warranties upon request.

16 C.F.R. § 702.3(a) (2011). Further, if the consumer product costs more than $15, and the warrantor is not the seller, then the warrantor must:

4

> [p]rovide sellers with warranty materials necessary for such sellers to comply with the requirements set forth in paragraph (a) of this section, by the use of one or more by [sic] the following means:
> (A) Providing a copy of the written warranty with every warranted consumer product; and/or
> (B) Providing a tag, sign, sticker, label, decal or other attachment to the product, which contains the full text of the written warranty; and/or
> (C) Printing on or otherwise attaching the text of the written warranty to the package, carton, or other container if that package, carton or other container is normally used for display purposes. If the warrantor elects this option a copy of the written warranty must also accompany the warranted product; and/or
> (D) Providing a notice, sign, or poster disclosing the text of a consumer product warranty. If the warrantor elects this option, a copy of the written warranty must also accompany each warranted product.

*Id.* § 702.3(b)(1)(i).

The MMWA provides a private right of action for "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty . . . ." 15 U.S.C. § 2310(d)(1).

The gravamen of the FAC is that SPW failed to disclose the SPW Warranty as required by the MMWA, FAC ¶ 39; that Plaintiff received only the Terms and Conditions Warranty at the time of sale, which he contends created a full warranty of unlimited duration, *id.* ¶¶ 16, 61; that this express warranty induced Plaintiff and putative class members to purchase the windows, *id.* ¶ 62; and that when Plaintiff sought to enforce the Terms and Conditions Warranty, SPW instead only honored the terms of the undisclosed SPW Warranty and required Plaintiff to pay 60 percent of the replacement cost of his windows, or $312.24. *Id.* ¶19. Plaintiff alleges that "as a direct and proximate cause of SPW's misconduct," Plaintiff and putative class members "[s]uffered injury and paid money . . . to SPW they should not have had to pay." FAC ¶¶ 39-41. Plaintiff sought restitution under the MMWA of any repair or replacement costs paid by putative class members. *Id.* ¶ 42.

SPW argues that Plaintiff cannot state a claim under the MMWA because the Terms and Conditions Warranty does not create a warranty, and even if it did, such warranty would not cover Mr. Rooney's windows. MJOP 4-5. SPW also argues that Plaintiff has failed to allege "legally cognizable harm or damage" to the extent he received partial payment of his repair costs under the SPW Warranty where, under the Terms and Conditions Warranty, which Plaintiff contends

5

governs, Plaintiff was entitled to nothing. *Id.* at 6-7. SPW also argues that Plaintiff's MMWA claim, which is subject to a four-year statute of limitations, accrued in 1998, when Plaintiff received his windows. *Id.* 5-6. Because the Court finds that the Terms and Conditions Warranty does not cover Plaintiff's windows, the Court need not reach SPW's other arguments.

As this Court has noted, "'In order to state an actionable claim of breach of warranty and/or violation of the Magnuson-Moss Act, a plaintiff must demonstrate that (i) the item at issue was subject to a warranty; (ii) the item did not conform to the warranty; (iii) the seller was given reasonable opportunity to cure any defects; and (iv) the seller failed to cure the defects within a reasonable time or a reasonable number of attempts.'" *In re Apple & ATTM Antitrust Litig.*, No. 5:07-CV-05152-JW, 2010 WL 3521965, at *4 (N.D. Cal. 2010) (quoting *Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254, 268 (6th Cir. 2005)).

Here, Plaintiff failed to properly allege that the SPW windows were subject to the Terms and Conditions Warranty that he contends entitled him to the full replacement cost of his windows.[1] He did not allege that he purchased "non-tested windows," as required by the first sentence of the Terms and Conditions Warranty. FAC, Ex. A. And the problems with Plaintiff's windows, moisture and fogging, are explicitly disclaimed by the second sentence of the Terms and Conditions Warranty: "There is not [sic] warranty relating to the structural performance, air infiltration, or water penetration of the window or door unit." *Id.* Thus, accepting all of the allegations in the FAC as true, Plaintiff failed to allege sufficient facts to state a claim under the MMWA that is plausible on its face.

Moreover, even assuming that, as Plaintiff argues, a valid claim under the MMWA does not require Plaintiff to show breach of warranty, *see* Pl's Reply 8-9 & n. 9, Plaintiff's MMWA claim as pled in the FAC would still fail for failure to plead an injury-in-fact, as required for standing under Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and under the MMWA. 15

---

[1] The Court need not reach the other elements of the MMWA, as the failure to plead that Plaintiff's windows were subject to the Terms and Conditions Warranty is fatal to his claims. The Court notes, however, that the FAC contained no allegations that Plaintiff gave Defendant an opportunity to cure the alleged defects of the windows, as required by the MMWA. *In re Apple & ATTM Antitrust Litig.*, 2010 WL 3521965, at *4.

6

U.S.C. § 2310(d)(1).  As pled in the FAC, the SPW Warranty was not part of Plaintiff's bargain with SPW because Plaintiff was unaware of the SPW Warranty at the time of purchase, and he allegedly never received it.  *See* FAC ¶ 16.  Nevertheless, Plaintiff received 40 percent of the replacement cost of his windows under the SPW Warranty where, under the Terms and Conditions Warranty that he contends governs, he was not entitled to any payment for the reasons explained above.  Thus, Plaintiff has not pled an injury-in-fact but rather an economic windfall.  *Cf. Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 & n.4 (9th Cir. 2009) (finding no injury-in-fact where plaintiffs failed to allege anything deprived them of the "benefit of their bargain").

Accordingly, the Court GRANTS, with prejudice,[2] judgment on the pleadings for Defendant on Plaintiff's MMWA claim as pled in the FAC.

### 2. Unfair Competition Law

The UCL prohibits "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200 (West 2011).  A business act or practice may violate the UCL if it is either "unlawful," "unfair," or "fraudulent."  Each of these three adjectives captures "a separate and distinct theory of liability."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (citing *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301, 316 (Cal. Ct. App. 1999)).  To have standing to sue under the UCL, a private party must "suffer[] injury in fact and [lose] money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.

As with the MMWA claim, Plaintiff has failed to plead injury-in-fact and that he lost money or property as a result of the unfair competition.  Under the facts as alleged in the FAC, by honoring the SPW Warranty instead of the Terms and Conditions Warranty, SPW paid forty percent of the replacement costs when it could have paid none.  Thus, Plaintiff did not suffer a loss

---

[2] Defendant's motion for judgment on the pleadings is granted "with prejudice" for the same reasons that the Court declines to grant Plaintiff leave to file a second or third amended complaint, discussed in Section II.C, *infra*.  Moreover, as the Supreme Court has held, repeated failure to cure deficiencies in a complaint is reason enough to deny leave to amend.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (same).

of money or property, and as such does not have standing to bring a suit under either Article III or the UCL.

Accordingly, the Court GRANTS, with prejudice,[3] judgment on the pleadings for Defendant on the UCL claim as pled in the FAC.

**II.     Plaintiff's Motion for Leave to Amend**

**A.  Background**

Plaintiff has moved for leave to file a second amended complaint ("SAC"), which differs drastically from the FAC, the operative complaint for more than nine months, in five important respects. First, the proposed SAC substitutes Ruth Zdanowicz, Jeannette Sasser, and Timothy Cox for Mr. Rooney as putative class representatives. SAC ¶¶ 6-8. Second, the SAC defines the putative sub-classes as follows:

Sub-Class 1

All Homeowners who, during the Relevant Period, 1) bought one or more SPW windows for installation in their home, 2) at an SPW retail location, and 3) paid money to SPW for the repair or replacement of the windows.

* * *

Sub-Class 2

All Homeowners who, during the Relevant Period: 1) obtained one or more SPW window products for installation in their home through a Third Party, 2) appear by name on the SPW Windbid contract as "property owner" or "homeowner", 3) did not personally execute or initial the Windbid contract, 4) as a result of SPW's corporate policy, did not receive from SPW information about the warranty before the sale, and 5) paid money for the repair or replacement of their window.

* * *

Sub-Class 3

All members of Subclasses 1 and 2 who have not yet paid money for the repair or replacement of their window but would otherwise be required to if they make a claim under SPW's warranty.

---

[3] Defendant's motion for judgment on the pleadings is granted "with prejudice" for the same reasons that the Court declines to grant Plaintiff leave to file a second or third amended complaint, discussed in Section II.C, *infra*. Moreover, as the Supreme Court has held, repeated failure to cure deficiencies in a complaint is reason enough to deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (same).

*Id.* ¶¶ 26-28. Third, the proposed SAC abandons the claims under the CLRA and breach of express warranty. Fourth, the proposed SAC drops allegations regarding the Terms and Conditions Warranty, and the SAC no longer alleges that the putative class members relied on the Terms and Conditions Warranty or that they failed to receive the SPW Warranty. Fifth, the proposed SAC adds an allegation that "in the consumer window products industry, the quality, coverage and duration of a manufacturer's/seller's warranty is extremely material to the consumer and is an essential tool for a seller to maximize its sales." *Id.* ¶ 15.

As under the FAC, the proposed SAC alleges that SPW failed to comply with the MMWA. However, whereas the FAC alleged that SPW failed to *disclose* the SPW Warranty, the proposed SAC alleges that SPW violated the MMWA by: "1) failing to *display* its warranties at its retail locations, and by 2) failing to place the signs required by the Pre-Sale Rule in its retail locations." *Id.* ¶ 22 (emphasis in original). The SAC alleges that "as a direct and proximate cause of SPW's unlawful conduct, Sub-Class members suffered injury and paid money, directly or indirectly, to SPW they should not have had to pay." *Id.* ¶ 40. The SAC also alleges that SPW's alleged violations of the MMWA constitute violations of the "unlawful" and "unfair" prongs of the UCL. *Id.* ¶¶ 44-45. The proposed SAC claims that "Plaintiffs and the members of the Sub-Classes each suffered the identical personalized and non-trivial economic injury-in-fact by paying to SPW monies to replace or repair their windows that they should not have had to pay given SPW's unlawful and unfair conduct as alleged herein." *Id.* ¶ 46. Under the proposed SAC, Plaintiff seeks restitution of repair or replacement costs paid out of pocket under the SPW warranty; injunctive relief; and attorney's fees and costs. *Id.* at 15-16.

### B. Legal Standard

Plaintiff seeks leave to file the proposed SAC. Rule 15(a) states that leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). In general, the Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004). Although this rule "should be interpreted with

extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted).  If the proposed amendments to the complaint will fail to cure fatally defective allegations, denial of leave to file an amended complaint is acceptable.  *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In cases where, as here, a party moves to amend or add a party after the Court's deadline for filing motions or amending the pleadings, Federal Rule of Civil Procedure 16 governs, and the party must show good cause and obtain the judge's consent to modify the deadlines set by the Court.  *See* Fed. R. Civ. P. 16(b)(4).  "The 'good cause' standard primarily considers the diligence of the party seeking the amendment.  Carelessness is not compatible with a finding of diligence and offers no reason to grant relief."  *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (internal alterations and quotations omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)).

### C. Analysis

As discussed in greater detail below, the Court finds that Plaintiff has failed to show good cause for the Court to grant leave to file his proposed SAC and that, in any event, the proposed SAC is futile.  Accordingly, Plaintiff's MLTA is DENIED.

#### 1. Good Cause

Plaintiff has failed to show good cause for modifying the Court's scheduling order. Although Plaintiff correctly notes that SPW contributed to discovery delays, Pl.'s MLTA 3, Plaintiff does not adequately explain why he waited nearly three months from SPW's May 3, 2011 document production, when Plaintiff had received nearly all of the documents he requested and had sufficient information to amend the complaint, until July 21, 2011, to file his motion for leave to amend.  *See* MLTA 5, 9.  Even though SPW's 30(b)(6) depositions did not take place until May 12, 2011, and June 30, 2011, as Defendant notes, Plaintiff shared blame for the late scheduling of the 30(b)(6) depositions.  SPW's Opp'n 7-8.  Moreover, the Court finds that Plaintiff was careless in

filing a motion for leave to amend and assuming that doing so would moot SPW's MJOP, instead of following the local rules and filing an opposition to SPW's MJOP.  Indeed, it appears that Plaintiff never filed a motion for leave to amend until he realized that SPW had a meritorious motion for judgment on the pleadings.  Because carelessness is incompatible with a finding of diligence, the Court finds that Plaintiff has failed to show good cause for granting leave to amend under Federal Rule of Civil Procedure 16(b).  *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995).  Even if Plaintiff had been able to show good cause, however, this Court would nevertheless deny Plaintiff's MLTA because the proposed SAC is futile.

### 2. Futility

SPW argues that the proposed SAC would be futile because it fails to allege that the proposed class representatives' harm was caused by SPW's alleged misconduct, and therefore the proposed class representatives lack standing.  *See* SPW's Opp'n 15-16; *see also* SPW's 2d Reply 3-8.  SPW also argues that the proposed claims are time-barred.  SPW's Opp'n 14; SPW's 2d Reply 9-11.

Plaintiff argues that he has pled sufficient injury-in-fact by pleading that the proposed class representatives and absent class members suffered non-trivial economic injury when they paid money for the repairs or replacement of SPW window products.  Pl.'s Reply 11.  Plaintiff further argues that SPW's violations of the MMWA and the Pre-Sale Rule constitute violations of the "unlawful" prong of the UCL, and that once a violation has been established under the "unlawful" prong under the UCL, Plaintiff need not prove reliance, causation or damages.  Pl.'s Reply 6.  Plaintiff contends that "[e]ven if reliance/causation is a requirement for an unlawful violation . . . , the requisite causation is satisfied here based on the materiality of SPW's warranty disclosure obligations."  Pl.'s Reply 13.  Finally, Plaintiff argues that his claims are not time barred because the elements of the proposed class representatives' claims did not accrue until they paid for repairs or replacement of their windows, or, in the alternative, the "delayed discovery" or "continuing violation" doctrines save their claims from being barred by the statute of limitations.

Because the Court finds that the proposed SAC is futile on standing grounds, it need not reach the parties' statute of limitations arguments.

The SAC is futile if the proposed class representatives and putative class members lack standing to pursue the proposed new claim. *See Bibo v. Fed. Exp. Inc.*, Case No. 07-CV-2505-TEH, 2010 WL 1688549, at *3 (N.D. Cal. 2010). The "irreducible constitutional minimum of standing contains three elements." *Lujan*, 504 U.S. 555, 560 (1992). These elements are: (1) "the plaintiff must have suffered an injury in fact" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-61 (citations, quotations, and quotation marks omitted).[4] Plaintiff has the burden of establishing these elements. *Id.* at 561 (citations omitted).

Because Plaintiff has failed to allege a causal connection between the alleged injury and the conduct complained of in the proposed SAC, Plaintiff's MLTA is DENIED on the alternative grounds that the proposed SAC would be futile.

a. *MMWA*

SPW argues that the proposed class representatives in the SAC lack standing under the MMWA because Plaintiff has failed to allege more than a technical violation, which federal courts have held insufficient for standing under the MMWA "because they do not result in damages." SPW's Opp'n 15-16 (citing *Moroz v. Alexico Corp.*, No 07-3188, 2008 WL 109090, at *5 (E.D. Pa. Jan. 8, 2008); *McGarvey v. Pensky Auto. Group, Inc.*, 639 F. Supp. 2d 450, 456 (D.N.J. 2009)).[5] Plaintiff does not challenge SPW's argument that it has failed to allege that the putative class

---

[4] Both the MMWA and the UCL have standing requirements of their own. Under the MMWA, a plaintiff must be "damaged by" the warrantor's violation of the MMWA or its implementing regulations. 15 U.S.C. § 2310(d)(1). To have standing to sue under the UCL, a private party must "suffer[] injury in fact and [lose] money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Because the Court decides that the SAC would fail to meet Article III's standing requirements, it need not address standing under these statutes.

[5] Plaintiff does not attempt to distinguish these decisions and merely notes that the decisions are neither from this Court nor the Ninth Circuit, and are therefore not binding on this Court. Pl.'s Reply MLTA 7.

12
Case No.: 10-CV-00905-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

1   members were damaged by SPW's alleged MMWA violation, but rather appears to argue that
2   because SPW violated critical requirements of the Pre-Sale Rule, SPW should "suffer a
3   consequence." Pl.'s Reply 11.

4       It is true that Plaintiff has alleged injury-in-fact, namely that the proposed class
5   representatives paid money that they should not have had to pay for the repair or replacement of
6   their SPW windows. *See Darensburg v. Metro. Transp. Comm'n*, 611 F. Supp. 2d 994, 1036 (N.D.
7   Cal. 2009) ("Concrete economic injury is . . . sufficient to establish injury in fact for standing
8   purposes.") (citations omitted).

9       However, even accepting Plaintiff's argument that a valid claim under the MMWA does not
10  require Plaintiff to show breach of warranty, *see* Pl's Reply 8-9 & n. 9, Plaintiff has failed to allege
11  a causal connection between the alleged injury-in-fact and SPW's alleged failure to disclose the
12  terms of the warranty in accordance with the MMWA, as is required by *Lujan* to establish Article
13  III standing.

14      *Atchole v. Silver Spring Imports, Inc.*, 379 F. Supp. 2d 797 (D. Md. 2005), a case where the
15  court found that plaintiff lacked standing in an MMWA case on summary judgment, is informative.
16  There, as here, plaintiff alleged in his complaint that he was "harmed and suffered damages as a
17  direct and proximate result" of Defendants' violation of § 2302 of the MMWA. *Id.* at 802.
18  Similarly, as here, the plaintiff in *Atchole* also "asserted in the complaint that the mandated pre-sale
19  disclosure of warranty terms is essential to achieving the objectives of the MMWA, 'so consumers
20  can determine whether they are receiving adequate warranty coverage, whether the product is
21  worth its price, and to give consumers a meaningful opportunity to shop for a better warranty.'" *Id.*
22  The *Atchole* court found that "[d]espite these allegations, Plaintiff has failed to present any facts
23  tending to show that he suffered harm as a result of anything other than mechanical malfunctions in
24  the vehicle . . . ." *Id.*

25      The proposed SAC does not allege that if SPW had complied with the MMWA or the Pre-
26  Sale Rule, then the proposed class representatives would not have had to pay for repairs or
27  replacement windows. To plead a viable complaint that establishes Article III standing, the SAC

13

Case No.: 10-CV-00905-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE
AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

would need to spell out a "line of causation," whereby Defendant's actions eventually effected Plaintiff's alleged injury-in-fact. *See Warth v. Seldin*, 422 U.S. 490, 509 (1975).[6] These details must paint more than an "attenuated chain of conjecture" as to this causative link. *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1228 (9th Cir. 2008). For example, if Plaintiff could have plausibly alleged that if the class representatives had been given Defendant's warranty prior to sale, then the representatives would have successfully negotiated for a full twenty-year warranty, and thus not have had to pay for their repairs, this would have been sufficient for Article III standing. However, Plaintiff has not alleged *any* details relating to how SPW's alleged nonfeasance would affect Plaintiff. Indeed, the proposed SAC merely makes the conclusory statement that "[a]s a direct and proximate cause of SPW's unlawful conduct, Sub-Class members suffered injury and paid money . . . to SPW they should not have had to pay." SAC ¶ 40. The Court need not accept as true "allegations that are merely conclusory." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *see also Atchole*, 379 F. Supp. 2d at 802 (bare allegation of causation insufficient to confer standing).

Accordingly, the Court finds that Plaintiff's claim under the MMWA in the proposed SAC would be futile because the proposed class representatives lack Article III standing.

### b.  UCL

Plaintiff is correct to note that, even if the proposed class representatives do not have a private right of action under the MMWA, SPW's alleged violation of the MMWA and the Pre-Sale Rule can still serve as the predicate violation for the UCL under either the "unlawful" or "unfair" prongs. *See* Pl.'s Reply 6 (citing *Echostar Satellite Corp. v. NDS Group PLC*, 2008 U.S. Dist. LEXIS 110425 (C.D. Cal. Oct. 15, 2008)). Nevertheless, Plaintiff is still required to show a "causal connection between the injury and the conduct complained of." *Lujan*, 504 U.S. at 560. *See also Rubio v. Capital One Bank,* 613 F.3d 1195, 1204 (9th Cir. 2010) (requiring a "causal connection" to have standing to bring UCL claim).

---

[6] This is not to say that a defendant's actions need be the only cause of a plaintiff's alleged injury-in-fact. A defendant's actions can give rise to Article III standing even if it is only a "small, incremental step" towards the alleged injury-in-fact. *Mass. v. E.P.A.*, 549 U.S. 497, 523 (2007).

Plaintiff has alleged injury-in-fact. *See Kwikset Corp. v. Super. Ct.,* 51 Cal. 4th 310, 322-24 & n.6 (2011) (holding that a party must "establish a loss or deprivation of money or property" to satisfy the standing requirements under the UCL and noting that the UCL standing requirements are narrower than federal standing under Article III). However, Plaintiff has failed to allege any "causal connection" between the proposed class representatives' injury and the claimed UCL violation. Unlike the MMWA claim, Plaintiff does not even make a conclusory statement regarding causation in his UCL claim. *Compare* SAC ¶ 46 *with* SAC ¶ 40. Plaintiff merely concludes: "Plaintiffs and the members of the Sub-Classes each suffered the identical personalized and non-trivial economic injury-in-fact by paying to SPW monies to replace or repair their windows that that [sic] they should not have had to pay given SPW's unlawful and unfair conduct alleged herein." SAC ¶ 46.

Plaintiff argues that the SAC need not allege a causal connection. Pl.'s Reply 4 ("Where, as here, the unlawful conduct is a pure violation of statute rather than one grounded in misrepresentation, no reliance or causation need be alleged or proven.").

Plaintiff appears to conflate causation and reliance. If a UCL action is brought on the basis of a fraudulent act, then the plaintiff must show reliance because "reliance is the causal mechanism of fraud." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009). As Plaintiff notes, several courts have stated in dicta that this showing of reliance may not be required in a UCL action that alleges an unlawful or unfair act instead of a fraudulent act. *See id.* at 325 n.17; *Kwikset*, 51 Cal. 4th at 326 n.9. Because Plaintiff alleges an unlawful and unfair act, he argues that the Court should not "require[] an allegation of causation/reliance."

The Court declines to wade into this thicket of California law. Even if Plaintiff were not required to allege reliance to state a claim under the UCL, something the Court does not decide here, Plaintiff is still required to allege "a causal connection" to establish standing under Article III. *See Burdick v. Union Security Ins. Co.*, No. CV 07-4028, 2009 WL 4798873, at *4 n.6 (C.D. Cal. Dec. 9, 2009) (deciding case on Article III grounds and declining to reach UCL standing). Plaintiff has failed to make any such allegation.

15

Case No.: 10-CV-00905-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

1       Plaintiff's attempt to satisfy the causation requirement with an allegation of materiality, *see*
2  Pl.'s Reply 13, fails.  Plaintiff cites *Blackie v. Barrack*, 524 F.2d 891, 907 n.22 (9th Cir. 1975), for
3  the proposition that causation may be established by proof of purchase and the materiality of a
4  defendant's misrepresentations.  *Blackie* is inapposite for the following reasons.  First, Plaintiff has
5  failed to cite any authority applying *Blackie*, which applied a "fraud on the market" theory to
6  securities fraud, to a consumer case under the UCL.  *Id*. at 908.  The Court, *sua sponte*, discovered
7  a recent Ninth Circuit opinion finding causation based on the materiality of the misrepresentation
8  in a CLRA claim.  *Stearns v. Ticketmaster Corp.*, Nos. 08–56065, 09–56126, 10–55341, 2011 WL
9  3659354, at *6 (9th Cir. Aug 22, 2011) ("Causation, on a classwide basis, may be established by
10 materiality.  If the trial court finds that material *misrepresentations* have been made to the entire
11 class, an inference of reliance arises as to the class.") (internal alterations omitted).  Plaintiff here,
12 however, goes to great lengths to point out that the SAC does not allege that SPW made any
13 misrepresentation.  *See* Pl.'s Reply 12 n.13 ("There are several cases where, unlike here, the
14 predicate for the "unlawful" prong was grounded in misrepresentation.").  Thus, Plaintiff may not
15 allege causation by merely alleging that SPW's failure to comply with the MMWA and the Pre-
16 Sale Rule was material.

17      Finally, Plaintiff argues that the mere allegation of causation is sufficient to establish
18 standing at the pleading stage.  Pl.'s Surreply 3 (citing *Troyk v. Farmers Group, Inc.*, 171 Cal.
19 App. 4th 1305 (2009)).  Plaintiff mischaracterizes *Troyk*.  Plaintiff claims that *Troyk* concluded that
20 plaintiff could show causation under the UCL by showing that the alleged misconduct was "a
21 substantial factor" in causing the plaintiff's harm.  *Id.* at 4.  The *Troyk* court specifically declined to
22 decide what standard applied, but assumed "arguendo" that the "substantial factor" standard for
23 causation applied, and then assumed "arguendo" that "Troyk's summary allegation of causation is
24 sufficient for pleading purposes." 171 Cal. App. 4th at 1349-1350.  The court pointed out that it
25 was deciding the case on other grounds.  *Id.* at 1350.  Thus, the language from *Troyk* upon which
26 Plaintiff relies is textbook dicta and not binding on this Court.

27
28

16
Case No.: 10-CV-00905-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE
AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff argues that there is no precedent for the proposition that causation in a purely unlawful or unfair prong UCL claim, that is not predicated upon misrepresentation, requires more than a transactional nexus between defendant's alleged misconduct and plaintiff's alleged injury. Pl.'s Surreply 1 (as amended at oral argument). Plaintiff fails to consider *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (Cal. Ct. App. 2007), a case involving the unlawful prong of the UCL. Although Plaintiff tries to distinguish this case on the ground that the *Daro* court found that plaintiffs were not among the class of persons the statute was supposed to protect, Pl.'s Surreply 4 n.4, Plaintiff ignores language that is particularly relevant here:

> When a UCL action is based on an unlawful business practice, as here, a party may not premise its standing to sue upon injury caused by a defendant's lawful activity simply because the lawful activity has some connection to an unlawful practice that does not otherwise affect the party. In short, there must be a causal connection between the harm suffered and the unlawful business activity. That causal connection is broken when a complaining party would suffer the same harm whether or not a defendant complied with the law. Here, the lack of causation is illustrated by the fact the tenants would suffer the same injury regardless of whether the owners complied with or violated the Subdivided Lands Act.

*Daro*, 151 Cal. App. 4th at 1099. Thus, at a minimum, *Daro* suggests that, to establish standing under the UCL, Plaintiff must allege that he would not have suffered the same harm had SPW complied with the MMWA and the Pre-Sale Rule. *Id.*

Regardless of what California law may require to establish standing under the UCL, however, Plaintiff has failed allege *any* causal connection between SPW's alleged violation of the MMWA and the Pre-Sale Rule and the proposed class representatives' injury, as required to establish Article III standing. Therefore, the proposed SAC would be futile.

Perhaps recognizing the futility of the SAC, Plaintiff made an eleventh hour request, in its surreply, for leave to file a third amended complaint to allege that "class members would not have purchased the SPW windows had they been aware of the SPW warranty prior to sale." Pl.'s Surreply 4.

The Court finds that this is too little, too late. As pled in this third proposed amended complaint, the alleged injury appears to be paying money for the purchase of windows that Plaintiff

17
Case No.: 10-CV-00905-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE
AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

otherwise would not have purchased. Thus, Plaintiff would seem to have sustained injury at the time of purchase. Plaintiff admitted at oral argument that the proposed class representatives purchased their windows before March 3, 2006. Therefore, given that the original complaint was filed on March 3, 2010, the claims in the proposed third amended complaint would likely be barred by the four-year statute of limitations governing the claims at issue. *See Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1157 (C.D. Cal. 2009) (four-year statute of limitations applicable to Magnusson-Moss claims); Cal. Bus. & Prof. Code § 17208 (four-year statute of limitations applicable to UCL claims). The proposed third amended complaint is therefore also futile.

In any event, the Court has already found that Plaintiff has failed to show good cause to modify the scheduling order for leave to file the proposed second amended complaint. This reasoning applies with equal force for finding that Plaintiff has failed to show good cause to modify the scheduling order for leave to file a third amended complaint.

Accordingly, because "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend,"[7] *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), the Court DENIES Plaintiff's MLTA as to the proposed second and third amended complaints.

### 3. Repeated Failure to Cure Deficiencies

As discussed above, Plaintiff has made two attempts to cure the standing deficiencies in the FAC. Neither the proposed SAC nor the latest proposed third amended complaint allege a causal connection between the alleged injury and the conduct complained of. Thus, both proposed amendments would be futile because the proposed class representatives and putative class members

---

[7] The Court therefore does not analyze in depth the other factors: bad faith, undue delay, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint. *See Johnson*, 246 F.3d at 1077. The Court notes, however, that Plaintiff has already amended his complaint once. Moreover, Plaintiff filed his original complaint on March 3, 2010, amended the complaint on December 2, 2010, filed his proposed second amended complaint on July 21, 2011, and did not suggest filing a third amended complaint until August 31, 2011. The discovery cutoff is October 17, 2011. Granting Plaintiff leave to file a second or third amended complaint that drastically changes the nature of this case, where Plaintiff has failed to show good cause to do so, and at such a late stage, would either require the Court to delay the case schedule or force Defendant to conduct discovery of new witnesses and incur the costs of producing additional documents within a very short time frame. It is not fair to subject Defendant to such prejudice as Plaintiff searches for a viable cause of action.

18
Case No.: 10-CV-00905-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

would lack standing to pursue the proposed claims. *Bibo*, 2010 WL 1688549 (N.D. Cal. 2010). As the Supreme Court has held, repeated failure to cure deficiencies in a complaint is reason enough to deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (same).

### III. Conclusion

For the foregoing reasons, the Court GRANTS SPW's MJOP with prejudice, and DENIES Plaintiff's MLTA.

**IT IS SO ORDERED.**

Dated: October 11, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No.: 10-CV-00905-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND